CAUGHEY and another vs. VANCE.

3p 275
74 306

1. JURISDICTION — JUSTICE'S RETURN — WAIVER.—Where the original return of a justice on appeal states that the judgment appealed from was rendered June 17, 1848, and his amended and further return states that the cause was tried and submitted the 14th of the following August, and judgment rendered on the 17th day of the same month, and the affidavit and recognizance for appeal were perfected the 27th of June previous, and it further appeared that an adjournment of the cause had taken place, which could have lawfully been made to June 14, but not to August 14: *Held,*

1. That a motion to dismiss the cause in the appellate court on the ground it had been adjourned beyond the jurisdiction of the justice,

was properly denied, and upon a reasonable interpretation of the en-
tire record, it must be held that the justice by clerical error wrote
"August" for "June."

2. That the party making such motion, having at a previous term
appeared and obtained a continuance of the cause, had waived the
right to make such objection.

2. PRACTICE.—Where there is no issue joined before the justice, or the
pleadings are informal, the appellate court may allow the parties to
plead or file new pleadings.

3. APPEAL — PRACTICE.—Where on an appeal from justice's court the
plaintiff is allowed to file a new declaration, the defendant must plead
thereto *instanter* or obtain further time, and if the defendant suffers
default, his remedy is by application to set it aside, and to be allowed
to defend.

4. SAME — WAIVER.— Where the defendant is defaulted for not pleading
in season, a motion to arrest the judgment rendered for the plaintiff
is a waiver of any irregularity in taking such default.

(3 Chand., 308.)

ERROR to the Circuit Court for *Green* County.
The case is stated in the opinion of the court.
*Bingham & Knapp*, for plaintiffs in error.
*B. Dunwiddie*, for defendant in error.

KNOWLTON, J.   This was an action of assumpsit upon a
promissory note for the sum of thirty-one dollars, and was com-
menced before a justice of the peace of Green county.   The
summons was issued on the 7th of March, 1848, and made re-
turnable on the 16th of the same month.   The writ was served
on the 8th, the officer making the service signed the return,
"M. C. Sutherland, deputy sheriff."   The defendants below,
the plaintiffs in error, took depositions before the justice.   Judg-
ment was rendered by the justice against the plaintiffs in error,
on the 17th of June, 1848, as appears by the transcript of the
justice in his return to the appeal.   The justice in return to a
rule for a further return as to the day on which the case was
tried, states that the cause was tried and submitted on the 14th
day of August, 1848, and that he rendered judgment on the

Caughey and another vs. Vance.

17th of August. The record shows that the affidavit and re-cognizance for the appeal were made and filed with the justice on the 27th day of June, 1848. At the March term, 1849, of the circuit court, the appellants moved to dismiss the action "because the justice had discontinued the case before the time of rendering the judgment thereon."

This motion was overruled by the court. The cause was then continued, on the application of the appellants until the next term of the court. On the second day of the September term, 1849, a jury was impaneled to try the cause, and then withdrawn, and a rule entered against the justice for a further return, and leave given to amend the pleadings in the case. On the third day of the term, the justice made his further return, and on the same day, the plaintiff below filed his formal declara-tion in writing, upon a promissory note signed by the defend-ants, dated August 2, 1847, payable March 1, 1848, for thir-ty-one dollars. The defendants interposed no plea, and the note was referred to the clerk for the assessment of damages, who reported the amount due thereon to be $35.52. On the fourth day of the term, the defendants moved to arrest the judgment, and assigned for cause that the circuit court had not jurisdiction of the case. This motion was overruled by the court, and judgment rendered upon the assessment of the clerk. To reverse this judgment, the plaintiffs in error have removed the case to this court.

The first error assigned is, that the circuit court erred in overruling the motion of the plaintiffs in error to dismiss the action, because the justice had discontinued the case before judgment.

Was there any foundation for this motion, in point of fact? It appears that the case was adjourned for just ninety days. By the well-settled rule of computation, this was permissible by the statute. The judgment was on the 17th day of June, 1848, three days after the cause was tried and submitted. The justice, by the statute, had a right to take three days to render

judgment, so that the proceedings appear regular, and no discontinuance had taken place, unless we assume (what was not contended for in the argument) that the cause was tried and submitted on the 14th day of August, 1848, and the judgment rendered on the 17th, as returned by the justice in his response to the rule for a further return as to this fact. But how can we do this, when his first return (the transcript from his docket) shows that the judgment was rendered on the 17th of June previous, and that the plaintiffs in error filed with the justice their appeal papers on the 27th day of June, 1848? How could it be possible for these men to appeal from a judgment nearly two months before it was rendered? It is obvious that the justice committed a clerical error, and wrote August instead of June. The circuit court, then, was right in overruling the motion. The court was bound to take the whole record, and give it a reasonable interpretation. But suppose the court erred in overruling the motion, that error was waived by the appellants afterwards appearing, moving for, and obtaining a continuance of the cause.

The next error assigned is, "that the circuit court erred in allowing the plaintiff to file any declaration in the cause, other than the one returned by the justice." This assignment appears to be based upon the 7th section of the statutes of 1839, p. 333, which provides that "the issue before the justice shall be tried before the court above, without other or further new declaration or pleading, except in such cases as shall be otherwise directed by the court." The proposition must be narrowed down to this, that unless an issue was joined before the justice, the court could not order any further pleadings. In short, that unless there was an issue below, the cause could not be tried on appeal. By the act of January 30, 1844, sec. 4, it is provided that "any person aggrieved by any judgment rendered by a justice of the peace, under the act of which this is amendatory, when the judgment shall exceed fifteen dollars, may appeal by himself or agent, to the district court of the county

where the judgment was rendered." Now an appeal is absolutely given to any person aggrieved, when the judgment exceeds fifteen dollars. These two things concerning the right to appeal, become absolute ; nothing more was necessary to give the right. There is no qualification as to the issue. Now what benefit would it be to a party to take an appeal, when he could not have an opportunity to re-try the cause ? It would be worse than useless. If the appellant could claim a trial on appeal, it is obvious that the appellee must have the same right. The right must be reciprocal. We must so construe this act of 1844, and the law of 1839, being *in pari materia*, that both may if possible stand. If this cannot be done to the full extent, we must approximate as closely to it as possible. The meaning of the provision of 1839 will then be, that the cause on appeal must be tried on the same issue as before the justice, when an issue was joined there, unless the court should order further pleadings, and when there was no issue, that it must still be tried, else there could be no use of appealing as before intimated ; and as the court became legally possessed of the cause by the appeal, it could make any order as to the pleadings that was necessary, in order properly to adjudicate the matter in controversy between the parties.

We are, therefore, of opinion that the circuit court committed no error in allowing the plaintiff to file a declaration, under the order to amend the pleadings. The defendants might have pleaded to the declaration, under this order, had they chosen to do so, but they appear to have stood by and pertinaciously refused.

The next error assigned is, that the " circuit court erred in defaulting the plaintiffs in error on the same day on which the defendant in error filed his declaration." This state of the case no where appears by the record. But suppose it to be true, would there be any error in such order of the court ? We think not. There is nothing to show that there was any order of the court as to the time within which the pleadings should

be amended, or within which the defendants should plead. They should have pleaded immediately upon the filing of the declaration, or shown cause, and obtained time to plead thereto. There was no hardship in requiring them to do this, as the plaintiff merely reduced his cause of action to form. It was upon a promissory note. They knew that this note, which was on file, was the substance against which they were called to defend. They were not met in this declaration with any new cause of action, whereby they could have been surprised. If it were so, an application for time to plead should have been made, and if a proper case was presented, it is to be presumed that the court would have granted the request. This, as a general rule, appears reasonable, and we are not aware of any statute, or common law rule, or rule of practice in this state, with which it would conflict.

If, however, the defendants had suffered any wrong by this action of the court, whereby they felt aggrieved, it was their duty to present the facts to the consideration of the court, and move to set aside the default and to permit them to come in and defend. Nothing of this kind was done. From all that appears, it is quite evident that the defendants had determined not to plead or defend the action, but to rely on reversing the judgment upon the ground that the circuit court had erred in overruling their motion to dismiss the action for want of jurisdiction, for the reason assigned; that the cause had become discontinued before judgment rendered by the justice. If they chose so to do, they must abide the result of their election. But admitting, for the argument, that this was error in the court: another difficulty presents itself, which is, that the plaintiffs, after the default was entered, appeared and moved the court to arrest the judgment for want of jurisdiction of the case. No complaint is there made about the default, but they ask the decision of the court on a point before decided, excepted to and saved by bill of exceptions.

This act of the defendants, we are of opinion, was a waiver

of the previous error complained of, admitting that such was error. But we are of opinion that there was no error in the decisions and rulings of the circuit court. We have disposed of the fourth error assigned, as it is based upon the same facts as the first.

We see no reason for reversing the judgment of the court below ; it must therefore be affirmed, with costs.

Judgment affirmed.