Cook vs. McDonnell.

Cook, Respondent, vs. McDonnell, Appellant.

*November 29 — December 13, 1887.*

*Change of venue because judge had been of counsel: Failure to transmit record: Loss of record: Appeal from J. P.: Failure to prosecute.*

1. An appeal having been taken from a justice's court to the circuit court for Brown county, the circuit judge ordered the place of trial to be changed to Outagamie county because he had been of counsel in the case. The record was taken from the office of the clerk of the Brown circuit court by respondent's attorney and lost. *Held,* that the appellant was excused from taking any further steps until the respondent either returned the record or supplied its place in the manner prescribed by law, and that the case was not within the rule of sec. 2627, R. S., which provides that unless the record be transmitted to the new place of trial within twenty days

the order shall be deemed vacated, and no change for the same cause thereafter made.

2. Sec. 3766, R. S., cannot be applied to a case where there was no term of the court at which the appeal could be brought to a hearing.

APPEAL from the Circuit Court for *Outagamie* County. The following statement of the case was prepared by Mr. Justice TAYLOR:

This action was commenced in justice's court, in December, 1883. On the return day of the summons, the parties appeared, and the case was adjourned without any issue having been joined in the case. On the adjourned day, the plaintiff, *William Cook*, appeared; the defendant, *James McDonnell*, did not appear; and the plaintiff obtained judgment against the defendant, for the sum of $114.12 damages, and costs. The defendant duly appealed to the circuit court of Brown county, January 4, 1884, and at the first term of said court thereafter, to wit, at the April term, 1884, the case was placed on the calendar, having been noticed for trial by both parties. At that term the following order was made in the action:

[Title.]

" It appearing to the satisfaction of the court, from an inspection of the pleadings in this action, that the judge thereof has been of counsel for the defendant in the above-entitled cause, and on motion of John J. Tracy, attorney for said plaintiff, and after hearing Ellis, Greene & Merrill, attorneys for the defendant, in opposition thereto, *ordered* that the place of trial of this action be and hereby is changed from the circuit court of Brown county, to the circuit court of Outagamie county, Wisconsin.

" *Dated May 24, 1884.*

"SAMUEL D. HASTINGS, JR., Judge."

After the making of this order in May, 1884, neither party took any action in the case until August 2, 1886, when the respondent obtained an order to show cause, from the

circuit court of Brown county, why the appeal should not be dismissed. This order to show cause was brought before the court on the 22d day of August, 1886, when it appeared that the record in the case could not be found. On the 20th day of October, 1886, the respondent again obtained an order on the appellant to show cause why the appeal should not be dismissed, upon an affidavit of one of the attorneys for the respondent, showing that the record in the case could not be found, and upon procuring a copy of the justice's docket, the pleadings, and judgment in said justice's court to be filed in place of the lost records. When this order to show cause came on to be heard in the circuit court of Brown county, the circuit judge refused to hear the same, and again made an order changing the place of trial to Outagamie county. This order was made October 23, 1886.

Under this order it appears that the record was transferred to said Outagamie circuit court, and on the 30th day of December, 1886, an order to show cause why the appeal should not be dismissed was brought to a hearing before that court. In opposition to this motion the appellant read his own affidavit, the affidavit of Mr. Boland, the clerk of the circuit court of Brown county, and the affidavit of Mr. Huntington, one of his attorneys. The affidavit of the appellant states that, upon advice of counsel, he has a good defense to the plaintiff's action; that he made no endeavor to bring the action to a trial because he was informed by his attorneys that the records of the case could not be found in either of the courts of Brown or Outagamie; that he has always been ready to try the case, and desires to try the same. The affidavit of Mr. Boland, the clerk of the circuit court of Brown county, states that the record was taken from his office by Mr. Wheeler, one of the attorneys for the plaintiff, at the time the first order to change the place of trial was made, and has never been returned to said

office; that no effort was ever made by the plaintiff or his attorneys to procure the transmission of the record or papers to Outagamie county until after the second order to change the place of trial was made. The affidavit of Mr. Huntington, the present attorney of the appellant, shows that he was employed by the appellant in the summer of 1886, and has ever since been anxious and willing to have the case tried, and has offered to consent that copies might be filed to supply the loss of the original record, and that he offered to try the case either in Brown or Outagamie county as the plaintiff might wish; but the attorney for the plaintiff would consent to nothing except to insist upon his motion to dismiss the appeal.

After hearing the motion, the circuit court of Outagamie county dismissed the appeal on the ground that the appellant had not prosecuted his appeal with proper diligence. From the judgment entered upon this order the defendant appealed to this court.

The cause was submitted for the appellant on the brief of *Huntington & Cady*, and for the respondent on briefs by *John J. Tracy*.

TAYLOR, J. We think the circuit court erred in dismissing the appeal under the circumstances. It is undisputed that the appellant caused the appeal to be noticed for trial on the first term after the record was filed in Brown county circuit court, and that, when the case was called at that term, the circuit judge made an order removing the case to Outagamie county, for the reason that the circuit judge of Brown county had been the counsel for the appellant in the action. The record says the order was made on the application of the respondent; but by whomsoever it was made, it is apparent from the subsequent action of the learned circuit judge that he of his own motion declined to try the case for the reason above stated. Neither party caused the

record to be transferred to Outagamie county until in October, 1886, and a few days before the motion to dismiss the action was made in that court. It also appears that the record in the case was taken from the office of the clerk of the circuit court of Brown county at the time the first order for the removal of the same to Outagamie county was made, and the evidence tends very strongly to show that such record was taken from said clerk's office by one of the attorneys for the respondent. Such record has never been returned to said office or to the office of the clerk of Outagamie county, and no steps had been taken by the respondent's attorneys, to supply such missing record, until in October, 1886, at the time a motion to dismiss the appeal was made.

If there has been unusual delay in bringing the appeal to a hearing, it seems to us that the fault has been with the respondent, and not on the part of the appellant. From the time it was first noticed for trial in the Brown county circuit court, until the motion was made to dismiss the appeal in the Outagamie circuit, there has been no term when a trial of the case could be had in either court. It is evident it could not have been tried in the Brown county circuit for two reasons: *First*, because the circuit judge had refused to try it on account of his connection with the case; and, *second*, because the respondent had lost the record of the case. The action could not have been tried in Outagamie county because the record had not been transferred to that county. The case is not within the rule prescribed by sec. 3766, R. S. It is evident that this section cannot be applied to a case when there is no term of the court at which the appeal could have been brought to a hearing; and the learned circuit judge, in giving his reasons for dismissing the appeal, does not invoke the provisions of this section as the basis of his order.

We do not think this case comes within the rule of the

statute as laid down in sec. 2627, R. S., viz., that the order of removal becomes vacated on the failure of the party obtaining the order of removal to have the papers transmitted to the clerk of the county to which the case is removed, within twenty days from the making of the order. The learned circuit judge of Brown county did not understand that the statute referred to applied to the case, and so made a second order of removal, when the case was again called up for action therein. We think he was right in so holding. If the section does apply to the case, then the case was improperly removed to Outagamie county on the second order; and that court never obtained jurisdiction of the case. The section provides that when the order for a change of the place of trial becomes vacated under said section, "no change for the same cause shall thereafter be made." If it be said that the appellant might have caused the record to have been transmitted to Outagamie county, this, we think, is answered by the evidence in the case showing that such record had been removed from the office of the clerk, and lost by the respondent. Under these circumstances, we think the appellant was excused from taking any steps in the matter until the respondent either returned the record or, if he could not return it, supplied its place in the manner prescribed by law.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.