# CASES DETERMINED

## August Term, 1889.

---

Newman, Respondent, vs. Board and another, Appellants.

*February 20 — September 3, 1889.*

APPEAL. *(1) From justice's court: When brought to hearing: Waiver.*
*(2) To supreme court: Review of intermediate order.*

1. An appeal from justice's court was brought to trial at the next term of the circuit court, and after the evidence was in and the cause had been argued to the jury the respondent moved to dismiss the appeal because the return showed that it had not been taken in time. The court thereupon discharged the jury and continued the cause, with leave to procure an amended return. Such return was procured and showed that the appeal had been taken in time. *Held,* that the appeal had been brought to a hearing, within the meaning of sec. 3766, R. S. [Whether by going through the trial the respondent had waived any objection that the appeal was not taken in time, not decided.]

2. An order dismissing an appeal from justice's court may be reviewed upon appeal from the judgment for costs based upon such dismissal.

APPEAL from the Circuit Court for *Juneau* County. The case is sufficiently stated in the opinion.

For the appellants there was a brief by *Winsor & Winsor,* and oral argument by *F. Winsor.*

*H. W. Barney,* for the respondent.

The following opinion was filed March 12, 1889:

ORTON, J. From the judgment rendered against the defendant by the justice, the defendant in due time perfected

his appeal to the circuit court on the 18th day of January, 1887. It was duly noticed for and brought to trial at the following March term of the circuit court. A jury was impaneled, and all of the evidence given, and the cause was argued to the jury by the counsel of both parties, and was ready to be submitted to the jury on the instructions of the court. Thereupon the counsel of the plaintiff moved that the appeal be dismissed on the ground that the return of the justice showed that the appeal was taken on the 12th day of February, 1887, and that, according to such date, it was not taken in time. The court thereupon discharged the jury, and continued the cause, and gave leave to the defendant to procure an amended return from the justice, to show the true date at which such appeal was in fact taken. At the next and October term of the court no notice of trial was served, as the amended return of the justice had not been made in time for such notice. At the next succeeding term of March, 1888, the plaintiff moved to dismiss the appeal on the ground that it had not been brought to a hearing by either party before the end of the second term after filing the return of the justice, by force of sec. 3766, R. S. The court granted said motion, and dismissed the appeal March 12, 1888. Judgment on such dismissal for costs against the defendant and J. C. Jacobson, his surety on such appeal, was rendered April 14, 1888. The appeal to this court was taken from said judgment, and no appeal had been taken from said order, and the time for such appeal had expired. This statement embraces all the material facts necessary to dispose of the questions raised.

It seems to us that the statute requiring the appeal to be brought to a hearing before the end of the second term after filing the return of the notice, was fully complied with by the defendant. He did bring the appeal to a hearing by noticing it for trial, and by having a jury impaneled,

and introducing all of his evidence, and by his counsel addressing the jury. In the trial, to this extent, the plaintiff participated, and the appeal was not only brought to a hearing, but was fully heard. The defendant did all he could possibly do to comply with the statute. The amended return of the justice showed that the appeal was taken in time,— on the 18th day of January, 1887, instead of the 12th day of February, as the plaintiff claimed. The appeal was therefore properly brought to a hearing, and the cause might and ought to have been disposed of by a verdict of the jury and judgment thereon. It was no fault of the appellant that it was not, for he had taken his appeal in due time. The jury was discharged, and the cause continued after it had been fully tried and heard, merely to ascertain that fact. It was the plaintiff's fault that it was not disposed of at that time, by moving to dismiss the appeal on the ground that it had not been taken in time, when in fact it had been, and the defendant was entitled to have the cause fully and finally disposed of at the first term after the return of the justice was filed. If this error in the return of the justice had not been discovered until after the verdict of the jury and judgment thereon, and the court had then on motion of the plaintiff set aside the judgment and verdict, and ordered an amended or correct return, and continued the cause until the next term, it is not perceived how the case would have been materially different. And yet we would say that the defendant had brought his appeal to a hearing without doubt. After that the cause would stand for trial like any other case in the court, the statute above referred to having been complied with and satisfied. The error or mistake which prevented a final disposition of the cause at the first term was not that of the defendant, but of the justice. The court very properly continued the cause to ascertain the fact or to have the record corrected,

unless the plaintiff had waived any such pretended irregularity that the appeal had not been taken in time by going to trial without first making such objection. It would seem that he did waive such defect by consenting to go to trial, and going through the entire trial in a case in which the circuit court had jurisdiction of the subject matter with or without an appeal. *Hagan v. Casey*, 30 Wis. 553; *Benton v. Milwaukee*, 50 Wis. 368; *Montgomery v. Scott*, 32 Wis. 249; *Carpenter v. Shepardson*, 43 Wis. 406; *Caughey v. Vance*, 3 Pin. 275. But this we do not decide, as it is unnecessary to the disposition of the case, and the question was not raised on the argument.

The statute should have a reasonable construction; and it does not require the appellant to do what is impossible. The defendant did all that was possible for him to do. He took his appeal in time, noticed the cause for trial, and, when reached, had a jury impaneled, introduced all his evidence, and his counsel argued the cause to the jury, and submitted it. What more could he have done to bring the appeal to a hearing? *Holt v. Coleman*, 61 Wis. 422; *Platto v. W. U. Tel. Co.* 64 Wis. 341; *Cook v. McDonnell*, 70 Wis. 329; *State v. Sasse*, 72 Wis. 3; *Sutton v. Wegner*, 72 Wis. 294.

The point is made by the learned counsel of the respondent that the time for appealing to this court from the order dismissing the appeal from the justice had expired, and that on this appeal from the judgment for costs against the defendant and his surety, Jacobson, based upon such dismissal, such order cannot be reviewed. Why not? It is "an intermediate order which involves the merits and necessarily affects the judgment," and such an order may be reviewed upon an appeal from the judgment. Sec. 3070, R. S.

*By the Court.*—The judgment of the circuit court is re-

versed, and the cause remanded with direction to that court to set aside said order dismissing the appeal, and to reinstate said appeal, and to have the cause stand for trial like other issues in said court without further notice.

A motion for rehearing was denied September 3, 1889.