Nichols, Respondent, vs. Crittenden, imp., Appellant.

*September 11 — September 24, 1889.*

*Practice: Trial and judgment when all defendants not served: Voluntary appearance: Separate trials: Refusal to strike cause from calendar: Appealable order.*

1. In an action upon a joint contract the summons was served upon but one of five defendants, and one voluntarily appeared. *Held,* that such appearance was equivalent to service upon the defendant so appearing within the meaning of subd. 1, sec. 2884, R. S., and that the plaintiff could not proceed against the defendant alone upon whom actual service had been made.

2. Such a case is not one in which a separate trial between the plaintiff and any of the several defendants may be allowed by the court under sec. 2844, R. S.

3. Until, upon answer or default, the cause was ready for trial or determination as to both of said defendants, it could not properly be placed upon the calendar; and if prematurely placed thereon an order refusing to strike it off, which in effect deprives a defendant of his right to the statutory time for answering, is appealable.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced against the members of the firm of McGeoch, Everingham & Co., upon a claim against said firm as copartners, and the summons and complaint therein were personally served on McGeoch January 6, 1889, but were not served upon any of the other members of the firm. February 23, 1889, McGeoch separately answered and counterclaimed. The plaintiff replied to the counterclaim in McGeoch's answer. May 4, 1889, the defendant *Frank A. Crittenden* appeared by his attorney and demanded a copy of the complaint. May 6, 1889, and on the first day of the May term of the circuit court for 1889, the defendant *Crittenden* moved the court to strike the cause from the calendar, for the reason that it was not at issue as to him. Upon the hearing of that motion, on May 18, 1889, the court denied the same, and in effect ordered that said cause stand for trial at the then present term of said court, upon the issues already joined therein and any other issues which might be joined therein prior to such trial. From that order the defendant *Crittenden* appeals.

For the appellant there was a brief by *A. G. Weissert,* and for the defendant McGeoch a separate brief by *Finches, Lynde & Miller,* and the cause was argued orally by *B. K. Miller, Jr.*

For the respondent there was a brief by *C. H. Hamilton* and *Turner & Timlin,* and oral argument by *C. E. Shepard.* They contended, *inter alia,* that the order is not appealable, for it merely amounts to a refusal to continue the case on a showing entirely without merits. *McLeod v. Bertschy,* 30 Wis. 324; *Roby v. Hudd,* 22 id. 608. The court will not anticipate that the debtor has a defense, and that he intends to assert it at some future time, in the absence of any

showing by *Mr. Crittenden* to that effect. This follows from the rule that the appellant must affirmatively show error in the order appealed from. *Branger v. Buttrick*, 30 Wis. 665; *Eaton v. Lyman*, 33 id. 34; *Heald v. Wells*, 7 id. 149; *Eaton v. Patchin*, 20 id. 485; *Eaton v. Manitowoc Co.* 40 id. 668; *McIntyre Will Case*, 38 id. 318; *Lamonte v. Ward*, 36 id. 558.

CASSODAY, J. Confessedly, the action is upon the *joint contract* of the five defendants. It is conceded that as to three of them the court never acquired any jurisdiction by service or otherwise. Upon such a record the plaintiff could not, *at common law*, proceed further in the action, and if he did, and obtained judgment, it would have been treated as a nullity even as to the defendant served. *Hall v. Williams*, 6 Pick. 232; *Wright v. Andrews*, 130 Mass. 149; *Richards v. Walton*, 12 Johns. 434; *Hanley v. Donoghue*, 59 Md. 239. A judgment upon such joint contract is an entire thing, and cannot be separated into parts. *Ibid.* That such is the common-law rule has been recognized by this court. *Bowen v. Hastings*, 47 Wis. 236. It has recently been recognized, also, by the federal court for the eastern district. *Patchin v. Hunter*, 38 Fed. Rep. 52. Such being the rules of the common law, the plaintiff only had such rights of proceeding in the case as are given by statute. The statute simply authorized him to " proceed against the defendant served, unless the court" should "otherwise direct," and take judgment as therein authorized. Subd. 1, sec. 2884, R. S. Where two of the five of such defendants sought to be made liable on such joint contract are served, the statute cited does not authorize the plaintiff to proceed against one of them alone. The reason for this is that the record presents no controversy upon which such defendants can sever. In the last case cited, notwithstanding our statutes, Judge JENKINS justly observed: "The cause of

action is joint. In such case there can be no separable controversy. Separate answers tendering separate issues interposed by defendants sued jointly do not create separable controversies." It is not a case where the court may, in its discretion, allow "a separate trial between the plaintiff and any of the several defendants," upon the merits, under sec. 2844, R. S. The case must turn, therefore, upon the question whether the defendant *Crittenden*, as well as McGeoch, was, in legal effect, served with the summons before the making of the order appealed from.

The only object of the service of the summons upon a defendant is to give the court jurisdiction over him, and thus authorize judgment in a proper case. Such jurisdiction is usually acquired by such service. The statute, therefore, refers to such service, not because it is the only method of obtaining jurisdiction, but because it is the usual method of acquiring jurisdiction. The essential thing which authorizes both the plaintiff and the court to proceed at all is the jurisdiction, however it may have been acquired. The service of notice of appearance or retainer generally by an attorney for the defendant is in all cases to be deemed an appearance in the case. Circuit Court Rule VIII. Moreover, the statute expressly declares that "a voluntary appearance of a defendant *is equivalent* to a personal service of the summons upon him." Sec. 2643, R. S.

Such being the law, the appearance of the defendant *Crittenden* May 4, 1889, was equivalent to, and hence in legal effect was, a personal service of the summons upon him on that day. He was at liberty thus to appear as a matter of right, and without leave of the court. *Elliott v. Espenhain*, 59 Wis. 273. He was not, at the time of making his motion, in default, nor asking for any favor. He was entitled to have a copy of the complaint served upon his attorney, as demanded, before the court could properly

proceed further against him or in the action.  He was entitled, as a matter of right, to the time given by statute within which to answer such complaint.  It was only in case he should fail to answer within such time that the plaintiff could proceed against him as in default.  Until such default or answer, the case was not in a condition to be determined or to be put upon the calendar.  As observed, an action on such joint contract cannot be tried in fractions.  It must be ready for trial or determination as to all the defendants served before it can properly be put upon the calendar.  The order made, in effect, forced the appellant to answer *instanter*, and go to trial at the then present term of the court, or be barred from a hearing.  A party cannot be thus deprived of such statutory rights by affidavits as to the merits.

Such statutory rights, thus disregarded, must, for the purposes of this appeal, be deemed substantial.  Sec. 3069, R. S.  In fact the order involves the merits of the action or some part thereof.  *Ibid.*

For the reasons given, we must hold that the order is appealable.  *McLeod v. Bertschy*, 30 Wis. 324.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

