BAILLIE, Respondent, vs. STEPHENSON and others, imp., Appellants.

*February 26 — March 16, 1897.*

*Garnishment: Equitable assignment.*

An agreement by a mortgagee of lands to discontinue foreclosure proceedings commenced by him, in consideration that the mortgagor should turn over to him the rents of such lands to be applied on the debt, in pursuance of which such foreclosure was discontinued, and the mortgagor directed his agents for the collection of the rents to pay over the same to the mortgagee when collected, and they credited such rents to the mortgagee on their books, is *held* to constitute a valid equitable assignment of such rents, and they were not subject to garnishment in the hands of the agents in favor of a judgment creditor of the mortgagor.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

The defendant Dobie was indebted to the *Land & River Improvement Company*, in a large sum, on purchase-money notes, mortgages, and land contracts. Foreclosure proceedings were pending. The lands were improved and occupied by tenants. Dobie made an arrangement with the *Land & Improvement Company* whereby the improvement company

agreed to discontinue the foreclosure proceedings, and Dobie agreed to apply the rents upon the indebtedness. The improvement company discontinued the foreclosure proceedings, and Dobie instructed his agents, Upham & Stephenson, to pay over his rents, when collected, to the improvement company. Under Dobie's orders, Upham & Stephenson opened a new account in their books, wherein they credited the improvement company with the rents which they collected for Dobie. They had in hand, not yet paid over, $216.60 of such rents, at the time of the commencement of this action. The plaintiff had a judgment against Dobie and Currie. She issued an execution, and garnished Upham & Stephenson, in aid of the execution. The *Land & River Improvement Company* was interpleaded, for the reason that it claimed to be the owner of the fund. Judgment was given for the plaintiff against the garnishees and the improvement company, from which this appeal is taken.

For the appellants there was a brief by *F. W. Downer, Jr.*, and *Lyman T. Powell*, attorneys, with *Spooner, Sanborn, Kerr & Spooner*, of counsel, and a supplemental brief by *Spooner, Sanborn & Spooner*, of counsel, and oral argument by *A. L. Sanborn*.

*Yate H. V. Gard*, for the respondent, argued, *inter alia*, that the transaction lacked the essential characteristics of an assignment of the rents, and left them still under the control of the mortgagor, so that if lost the loss would have been his. *Christmas v. Russell*, 14 Wall. 69; *Christmas's Adm'r v. Griswold*, 8 Ohio St. 558; *McEwen v. Brewster*, 17 Hun, 223; *Papineau v. Naumkeag S. C. Co.* 126 Mass. 372; *Rodick v. Gandell*, 1 De Gex, M. & G. 763, 778; *Putnam Sav. Bank v. Beal*, 54 Fed. Rep. 577; *Everdell v. S. & F. du L. R. Co.* 41 Wis. 395, 403. That the mortgagee discontinued the foreclosure, and the rent moneys were credited to him on the agent's books, gave him no title to any specific funds. Arrears of rent are not a *chose in action*

and cannot be transferred except by writing. *Demarest v. Willard*, 8 Cow. 206, 211; Wood, Landlord & T. § 454.

NEWMAN, J.   The question in this case is, Whose were the moneys which were in the hands of Upham & Stephenson? Were they Dobie's moneys, or did they belong to the *Land & River Improvement Company?*   The proper answer to this question depends upon whether the transaction amounted, in equity, to an assignment of the fund to the improvement company. It, in the final analysis, all depends on the intention of the parties. If they intended it to be an assignment of the fund, equity will so treat it. In order to constitute an assignment in equity of a debt or chose in action, no particular form is necessary. Any order, writing, or act which makes an appropriation of the fund amounts to an equitable assignment of the fund. No writing is necessary. It may be by parol as well as by deed. It is sufficient if it amounts to a distinct appropriation of the fund by the debtor, and an agreement that the creditor shall be paid out of it. It may be either by giving an order, or by transferring the fund in such a manner that the holder of the fund is authorized to pay the amount directly to the creditor, without the further intervention of the debtor. Willard, Eq. Jur. (2d ed.), 463; *Kingman v. Perkins*, 105 Mass. 111; *James v. Newton*, 142 Mass. 366; *Holbrook v. Payne*, 151 Mass. 383; *Trist v. Child*, 21 Wall. 441; *Peugh v. Porter*, 112 U. S. 737.   Such an assignment will be upheld in equity if it assigns a part only of the fund, and without the consent of the debtor (*James v. Newton, supra*), and although made before the creation of the fund (*Peugh v. Porter, supra*), and will be good against garnishment (Willard, Eq. Jur. 464; *Kingman v. Perkins, supra*).   Dobie made a distinct appropriation of this fund, and directed it to be paid to the *Land & River Improvement Company*.   Upham & Stephenson were authorized to pay it over to the improve-

ment company without the further intervention of Dobie. The transaction was an equitable assignment of the fund, and the moneys belonged to the *Land & River Improvement Company.* Upham & Stephenson were not liable to garnishment at plaintiff's suit.

*By the Court.*— The judgment of the superior court of Douglas county is reversed, and the cause remanded with directions to give judgment for the garnishees, dismissing the action, and in favor of the *Land & River Improvement Company* for the fund.