KILPINSKI, Respondent, vs. BISHOP, Appellant.

*September 15—October 4, 1910.*

*Real-estate brokers: Right to commission: Middleman receiving pay*
*from both parties.*

1. One employed to find a purchaser for land under a written con-
   tract by which he is to receive a commission "for the sale of"
   the property, "provided a satisfactory deal can be made by" a
   certain date, is a mere middleman and is entitled to the commis-
   sion if he produces a satisfactory purchaser, even though he is
   also agent for and receives pay from such purchaser.
2. The fact that the middleman in such a case confirms representa-
   tions made by the purchaser as to property exchanged in the
   deal is immaterial, especially where such representations are
   not shown to have been false.

APPEAL from a judgment of the circuit court for Shawano
county: JOHN GOODLAND, Circuit Judge.    *Affirmed.*

Action to recover balance due on a commission agreement
for selling land.

Plaintiff complained that he was employed by defendant to
find a purchaser, satisfactory to the latter, for certain real
estate he possessed, the compensation for his services to be

$150; that plaintiff fully performed such agreement, and that there was due and unpaid on account thereof $75.

Defendant answered that the commission contract was in writing and the exact contents thereof unknown to him as it was retained by plaintiff; that when it was made, the understanding was that to earn the commission plaintiff would be required to produce a purchaser for defendant's realty ready, willing, and able to pay therefor in cash or other property $4,500; that defendant sold such realty taking other land in exchange, relying on the honesty of his agent and his representations as to such other property and that such agent was working solely in his interests; that, in fact, plaintiff secretly acted as agent for defendant's customer under promise of pay by him and that plaintiff received such pay; that defendant, without knowledge of such facts, paid plaintiff $75.

Defendant counterclaimed for a recovery of such amount.

The written contract was as follows:

"I, the undersigned, do hereby agree to pay *Martin Kilpinski* the sum of one hundred and fifty dollars for the sale of my hotel property in the city of Seymour, provided a satisfactory deal can be made by January 25, 1909, and not later. After this date this agreement shall be void unless renewed by me."

The evidence showed that plaintiff performed by producing a purchaser for defendant's realty satisfactory to him, and to whom the property was sold, he taking on account thereof other real estate on the faith of representations as to its character made by his customer and corroborated by plaintiff.

At the close of the evidence the court directed a verdict in plaintiff's favor upon the theory that the contract was unambiguous, and clearly showed that plaintiff was employed merely as a middleman, and there was no proof to show that his representations respecting the property taken by defendant were untrue.

The cause was submitted for the appellant on the brief of

*Eberlein & Eberlein,* and for the respondent on that of *P. J. Winter.*

MARSHALL, J.   The contract of employment is in writing. The writing is not in itself ambiguous.   Neither is it uncertain when applied to the subject and situation with which it dealt.   Hence there was no legitimate room on the trial for evidence to explain it, and, in no event, any evidence to vary or contradict it.   Whether in the progress of executing the agreement respondent did more than the writing, looking at the language thereof, contemplated, as appellant contends, does not make any difference.

If the language of an agreement is ambiguous, either in itself or when applied to the subject matter thereof, the widest scope of permissible evidence in aid of construction does not include engrafting on to the writing a feature not within the reasonable scope of its language, read in the light of all the circumstances.

The paper in its literal sense only called upon appellant to create a condition rendering respondent able to make a deal, satisfactory to himself, by a date mentioned, or in other words, to furnish respondent with a satisfactory customer for his property within such date.   It is not perceivable how any other idea could, in any event, be found within the reasonable meaning of the language the parties used.   To expand it beyond that scope would be to vary or contradict the contract in the name of construction, not to construe it.

It seems to follow, necessarily, that the respondent was employed as a mere middleman, as the trial court held, rendering the evidence introduced, or offered, regarding his having taken pay from appellant's customer, as well as from appellant, immaterial.

A middleman, employed by a party to merely find a purchaser satisfactory to his employer, may produce another by whom he is also employed and properly take pay from both,

if such purchaser proves satisfactory to such person. In such circumstances, as has frequently been held, it is of no importance to the seller that his agent is at the same time an agent for the person with whom he deals. The seller is supposed to act upon his own judgment in the matter, his agent only creating a condition for him to apply that judgment to. *Donohue v. Padden,* 93 Wis. 20, 66 N. W. 804; *Barry v. Schmidt,* 57 Wis. 172, 15 N. W. 24.

We have not overlooked the fact that respondent, as an inducement to appellant to make the deal, confirmed representations the person produced as purchaser made respecting property he proposed to use in the deal. That is not material, especially in view of the fact that no substantial showing was made that the representations were not correct. The mere fact of itself, that respondent added his assurance to that of the proposed buyer, in order to make him a satisfactory purchaser, does not seem to be of any importance whatever.

*By the Court.*—The judgment is affirmed.