State ex rel. Att'y Gen. v. Steber, 161 Wis. 576.

STATE EX REL. ATTORNEY GENERAL, Respondent, vs. STEBER, Appellant.

*November 16—December 7, 1915.*

*Corporations: Toll-road company: Lease of road and franchise: Rights of assignees: Change of ownership: Presumption: Parol evidence: Lessee holding over: Annulment of franchise: Ouster.*

1. A corporation to which had been granted a franchise to construct and operate a toll road leased the road and the franchise for fifty years. After several successive assignments of the leasehold interest, one W., in an instrument assigning the same, purported also to sell and transfer to the assignee the road itself with all the franchises and everything connected therewith. Thereafter, by ch. 103, Laws 1874, the lease was validated and the lessee and his assigns secured in the enjoyment of the property for said term. Subsequent assignments all declared that the intention was to convey the "lease and devise" assigned by W. In the absence of any showing that the original owner of the franchise had transferred or that there had been any judicial sale of the franchise and property, or any judgment against such owner, it is *held* that there can be no presumption that the ownership of the road and the franchise had vested in W. before he attempted to transfer them, and that each of the assignees took only the leasehold interest.

2. The existence of the lease being recognized in all the assignments, and the rights of each assignee after W. being expressly made referable to and measurable by the validated lease, parol evidence was inadmissible to show that the intention, when any of such transfers were made, was to convey the road and the franchise absolutely; nor could title by adverse possession be acquired by such assignees as against the original owner.

3. An assignee of the leasehold interest who continued to operate the road after the expiration of the term was a tenant holding over; and when, thereafter, the original owner's corporate charter and all its privileges and franchises were annulled such assignee was properly ousted from exercising any such franchise or privilege.

APPEAL from a judgment of the circuit court for Fond du Lac county: W J. TURNER, Judge. *Affirmed.*

*Quo warranto* action to oust the defendant from further operating a certain toll-road franchise and to exclude him from the road.

The facts, in brief, are these: In 1848 the territorial legislature of Wisconsin created a corporation under the name of Sheboygan and Fond du Lac Road Company, and conferred upon it a franchise for the construction and operation of a toll road between Sheboygan and Fond du Lac and to a point in the town of Taycheedah. The authorized road between Sheboygan and Fond du Lac and into said town was constructed and that portion which is the subject of this action was operated from some time prior to 1860. Such portion was separated from the balance of the system by an act of the legislature of 1861. April 3, 1863, the corporation leased such portion of the road and its corporate franchise to operate it to Henry J. Van Curen for fifty years from June 1, 1862.

The leasehold interest, by numerous assignments, became vested in the defendant March 11, 1908. It was validated by ch. 103, Laws 1874, the lessee, his heirs, representatives, and assigns being secured in the enjoyment of the leasehold property for such term only. In 1871 Thomas J. Wood, in due course, became the owner of such interest. Subsequently, in such year, he assigned it to Edward Pier and E. H. Galloway. In addition to assigning such interest, the instrument made by Wood contained these words:

"And I further sell and transfer to said Edward Pier and E. H. Galloway, for the consideration above expressed, the plank or gravel road covered by said lease, together with all the franchises, toll gates, and toll houses, and each and everything connected therewith, hereby giving and granting to said Pier and Galloway, their heirs and assigns, full authority to take exclusive possession and control of said road, gates and houses at any times they see fit to do so."

The instruments in the chain of title from Pier and Galloway to defendant all refer, for a definite description of the property intended to be conveyed, to the validated lease aforesaid. The one nearest Galloway and Pier was executed October 30, 1875, and declared the intention of it to be "to

convey . . . all the right of said Treleven and Filby under said lease and devise as assigned by Thomas J. Wood to said Edward Pier and E. H. Galloway." Substantially similar language was used in all the conveyances. The last one, executed March 11, 1908, contained, for words of description of the property intended to be transferred, this: "and hereby does transfer and assign to said *Michael Steber* all their right, title and interest in and to those certain instruments, lease and devise, dated April 3, 1863"—followed by a detailed statement of the assignments of said "lease and devise" from the original lessee down to the one to *Steber's* assignors—coupled with words showing an intention to convey the interest possessed by said grantors under said "lease and devise." *Steber* went into possession under such chain of title, and operated the toll road until this action was commenced.

The trial court found in accordance with the foregoing and this further: The defendant, from the time he took possession of the property under the assignment to him, exercised the rights acquired with knowledge that they would terminate June 1, 1912. None of the assignees acquired any rights in excess of those covered by the fifty-year lease, excepting defendant, until February 6, 1914, possessed the right of a tenant holding over after the expiration of his lease. On such day, by the judgment of the circuit court for Fond du Lac county, the plank-road company's corporate charter was vacated and all corporate privileges thereunder were declared annulled. The assignment from Wood to Pier and Galloway and all other instruments subsequent to the Van Curen lease, recognized the existence thereof and none of the assignees assumed to hold in opposition thereto or any greater interest than was covered thereby. Defendant is estopped from claiming the right of possession and operation of the road under claim of title to the original franchise. He is not entitled to the benefit of the statute of limitations pleaded; secs. 4211, 4215, 4222, 4224, Stats. Defendant has complied

with all requirements of the plank-road charter as to license fees and taxes.

Upon such facts the trial court decided that defendant, since February 6, 1914, had been a usurper of the corporate franchise and privileges, as alleged, and that plaintiff was entitled to judgment of ouster excluding him from possession of the highway in question and from all franchises and privileges in respect to the same, and enjoining him from exercising any such franchise or privilege. Judgment was rendered accordingly.

For the appellant there was a brief by *Swett & Keck,* and oral argument by *H. E. Swett.*

For the respondent there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general; a separate brief by *Charles D. Smith,* of counsel; and oral argument by *Mr. Messerschmidt* and *Mr. Smith.*

MARSHALL, J. The appellant's claim of title to the toll-road franchise and property was considered, to some extent, in *State ex rel. Mengel v. Steber,* 154 Wis. 505, 143 N. W. 156, where it was held that when such action was commenced, *Steber* was a lessee holding over and that the corporate franchise then existed. It was not necessary to decide whether he had any greater title than that of one holding over under the fifty-year lease, and the question as to such greater title was, therefore, left without any expression of opinion in respect thereto. Before this action was commenced the judgment, mentioned in the statement, annulling the corporate franchise and decreeing an abandonment of the property by the owner was rendered.

In the situation indicated it is obvious that if the predecessors of appellant, going back to Wood and from him to the legislative grantee, did not acquire anything under such grantee but the right covered by the fifty-year lease which was validated by the legislature, the judgment must be af-

firmed. That seems to be conceded and that no evidence was produced showing any paper transfer of the corporate franchise to operate the toll road; but it is insisted that, from events occurring before Wood obtained his interest, it should be presumed that his grantees, or one of them, obtained, through a judicial sale, title to the corporate property including such franchise. No judgment was shown to exist against the particular corporation. No definite connection was shown between any judgment and such corporation. No sale was shown to have taken place and no evidence, in our judgment, was produced to warrant more than a mere conjecture that any attempt was ever made to pass title to the corporate franchise and property by judicial proceedings.

. The foregoing is supported by the significant circumstance that after the occurrences from which it is claimed it should be presumed the corporation was divested of title to its property and that the same was vested in Wood, the legislature was asked to validate the Van Curen lease. If Wood obtained title to the corporate property as well as to the lease, there was no need for the validating act. That pretty clearly indicates that he did not suppose he possessed more than the leasehold interest.

Much significance is claimed by counsel for appellant for the fact that, in the instrument of transfer made by Wood in 1874, after the words of description: "that certain lease and devise dated April 3, 1863," referring to the validated lease, words were added covering the property and franchise, as indicated in the statement; but in each of the instruments subsequently made, down to and including the one to appellant, it was expressly declared that the intention was to convey the "lease and devise assigned by Thomas J. Wood." There is nothing ambiguous about such instruments. They speak for themselves, as the trial court correctly held. They clearly cover the leasehold interest and nothing more. It follows that we are unable to disturb the finding as regards the title

of appellant being thus limited. The existence of the lease was recognized from beginning to end. The rights of each person in the chain of title were made expressly referable to and measurable by the validated lease. Therefore there is no question of title by adverse possession involved in the case.

We have not overlooked the parol evidence to the effect that when many of the transfers were made, the intention was to convey the toll road and franchise to operate it. The trial court doubtless considered such evidence incompetent and did not regard it in deciding the case. That was right, since, as we have before suggested, the written instruments are so plain that they must speak for themselves. If that were not so, mere evidence of what the parties intended would not be competent. If the evidence was worthy of consideration at all, it was well met by positive evidence that when appellant acquired his title, he was informed that it was limited to the leasehold interest.

Nothing further need be said. No disputed legal question is involved in the case. The evidence warranted the finding that appellant only acquired the leasehold interest. That expired before this action was commenced, and the corporate charter had been annulled. Therefore he then had no right to exercise the legislative toll-road privilege and so was a usurper thereof.

*By the Court.*—The judgment is affirmed.