OCONTO CHAMBER OF COMMERCE, Respondent, vs. GRANDALL, Appellant.

*November 15—December 13, 1921.*

*Subscriptions: Assignment by parol: Evidence: Parol evidence where instrument is unambiguous.*

1. A committee of citizens, procuring subscriptions to purchase a factory building and site to give to a manufacturing company to induce its coming to the city, could, without formal writing, assign whatever interest the committee had in the subscriptions so as to authorize the assignee to sue for an unpaid subscription.
2. Under such a subscription agreement parol evidence was proper to show that the express obligation of the subscribers included the price actually paid for a certain building and site in the city, but was not admissible to show that, in addition, there was a sum of $5,000 expended in improving and changing such building after its purchase, as the contract was unambiguous and plainly did not include such remodeling or raising money therefor.
3. When parties reduce their agreements to writing, the measure of their obligation is, when plainly expressed, to be confined to what is there stated, and cannot be added to by parol.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Modified and reversed.*

The citizens of Oconto being desirous of securing the location of a factory, a committee undertook to raise a sum of money by circulating a subscription list as follows:

"Oconto, Wis., June 9, 1913.

"Whereas, H. F. Jones, D. H. Mooney, J. B. Chase, A. M. Martineau, Chas. A. Best, L. C. Harvey, George Ansorge, and W. M. Comstock are about to become obligated for the purchase price of a building and site in Oconto, Wisconsin, to be given to a corporation for factory purposes at the end of five years' time providing said corporation operates said factory pursuant to the terms of a contract to be entered into with said manufacturing corporation; and

"Whereas, it is understood that an effort shall be made to

get the city of Oconto, Wisconsin, to supply the necessary funds; and

"Whereas, it is necessary, in order that the factory be obtained for this city, to act immediately,

"Therefore we, the undersigned, hereby guarantee to the person, persons, or corporation advancing the funds, or to their assigns, that we will reimburse such person, persons or corporations, or their assigns, for all sums so advanced by them, and that each of us shall become liable to such person, persons, or corporations, or their assigns, up to the sum of not exceeding $100 each, such payments to be made within five years' time, one fifth of the amount of the liability payable annually. It is understood that if any signer to this paper desires to become liable for a greater amount than $100 he may do so by specifying amount over his signature and hereby binds himself for such greater sum."

The defendant and a number of others signed, the total amounting to $7,980 and being completed before June 23d. A site and building known as the Turner Opera House in said city was purchased for $3,500 by the committee and possession thereof given to the Marinette Knitting Mills Company pursuant to the terms of two substantially similar written agreements between them of June 23d and July 9th. Upon performing certain conditions within five years the Mills Company was to obtain title to such site. These writings also contained two separate and distinct provisions in separately numbered paragraphs. By the first provision the committee undertook to obtain title in themselves and then give immediate possession to the Knitting Company of the real estate with buildings thereon known as the Turner Opera House property "for said factory site and purposes." The second is that the committee are to furnish and give, as needed and requested by the Knitting Company, $5,000 within certain dates "to remodel, equip, and complete said premises for factory purposes." By agreement between those concerned, the plaintiff organized subsequently to June 23d, took title to this property from the committee and collected on the subscriptions.

This action was brought by plaintiff, claiming as an assignee of the committee, to collect a balance of $80 on defendant's $100 subscription.

Upon motion for a directed verdict the court directed judgment for the plaintiff for the $80, with interest and costs. From such judgment the defendant has appealed.

For the appellant there was a brief by *Classon & O'Kelliher* of Oconto, and oral argument by *V. J. O'Kelliher.*

*Irving Breakstone* of Oconto, for the respondent.

ESCHWEILER, J.   The defendant urges that there is not sufficient proof that the plaintiff, the *Oconto Chamber of Commerce,* which assumed the duties and functions of the committee named in the subscription list quoted above, had sufficient title or interest in such agreement to support its bringing this action.   No formal writing or assignment appears in the record as having been executed by the committee to the plaintiff, yet we think the facts in this case, which we do not deem necessary to recite in detail, were sufficient to show that there was in legal effect a sufficient assignment of whatever interest the committee had in the subscriptions.   Such an assignment need not be in writing. *Arpin v. Burch,* 68 Wis. 619, 623, 32 N. W. 681; *Baillie v. Stephenson,* 95 Wis. 500, 502, 70 N. W. 660; *Skobis v. Ferge,* 102 Wis. 122, 129, 78 N. W. 426.

The obligation in the subscription agreement of June 9th included, by its express language, the sum expended for the "purchase price of a building and site."   No contention can be successfully made that there was any latent ambiguity in that phrase.   It is plain, certain, and of ordinary usage. Parol evidence was proper to show, and only to show, that it fitted the Turner Opera House property and the $3,500 paid therefor.   It also met and fitted exactly with the first provision in the contract with the Knitting Mills Company as above recited.

The court, however, permitted, over defendant's objec-

tion, parol evidence to be received that in addition to such purchase for $3,500 there was a sum of $5,000 expended in improving and changing such building after its purchase and to make it practicable for factory operations, and that such additional sum added to the $3,500 required an application of the entire amounts subscribed.

Such sum of $5,000 was, however, plainly separate and distinct from the obligation for the purchase of the real property and clearly not included therewith.

The holding of the court was contrary to the salutary and well·recognized rule that when parties reduce their agreements to writing the measure of their obligations is, when as plainly expressed as here, to be confined to what is there stated and cannot be added to by parol. *Miley v. Heaney,* 168 Wis. 58, 78, 169 N. W. 64; *State ex rel. Att'y Gen. v. Steber,* 161 Wis. 576, 580, 155 N. W. 146; *Kilpinski v. Bishop,* 143 Wis. 390, 127 N. W. 974; *Gilbert v. Stockman,* 76 Wis. 62, 44 N. W. 845; *Taylor v. Davis,* 82 Wis. 455, 458, 52 N. W. 756; Jones, Evidence (2d ed.) § 434.

There is no room here for the application of the rule that parol evidence may be received to raise an ambiguity even where the language of the writing seems clear on its face, and then to explain such ambiguity, as in cases like *Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 128 N. W. 43; *Hammond v. Capital City Mut. F. Ins. Co.* 151 Wis. 62, 67, 138 N. W. 92; *Radtke v. Rothschild W. P. Co.* 158 Wis. 271, 276, 148 N. W. 866; and as stated in Jones, Evidence (2d ed.) § 455.

Defendant, however, paid but $20 on his subscription. It is conceded that he is indebted for his proportionate share of the $3,500 paid for the Turner Opera House property. Such share would be $43.85. The difference between that and the $20, or $23.85, is the amount justly due and owing from him to the plaintiff. That amount of $23.85, instead of $80, should be the measure of damages, with interest

from the commencement of the action, there being no proof as to any particular date of a prior demand.

The plaintiff, of course, would be entitled to costs in the court below, and defendant would necessarily be entitled to costs here.

*By the Court*—Judgment reversed, with directions to enter judgment in accordance with this opinion.