MANDELKER and others, Respondents, vs. GOLDSMITH and wife, Appellants.

*April 14—May 9, 1922.*

*Bills and notes: Joint makers: Parties to action: Judgment against one maker only: Binding other persons by the judgment: Procedure: Opportunity to defend: Appeal: Immaterial error: Costs.*

1. In an action on a note given pursuant to a conditional sale of a phonograph, evidence of an alleged oral agreement tending to contradict or impair the terms of the writing subscribed by the parties and which did not tend to show fraud or mutual mistake was inadmissible.

2. Since defendant's wife also signed the note, she should have been made a defendant below, under sec. 2604, Stats., and the court could have required proper steps to be taken to have her made a party pursuant to sec. 2884; and the entry of judgment below against the defendant alone was clearly erroneous.

3. Where plaintiffs obtained judgment against the defendant, one of the makers of the note, in the civil court of Milwaukee county, and on appeal to the circuit court sought to have defendant's wife made a defendant, they should, under sec. 2795, Stats., have had summons issued with a description of the judgment or statement showing the amount due and that it remained unsatisfied.

4. Where on appeal to the circuit court the wife was made a party and had ample opportunity under secs. 2796 and 2797, Stats., to interpose defenses, the judgment of the circuit court against her will not be reversed as to immaterial errors by force of sec. 2829.

5. On appeal from the civil court, an order of the circuit court making another party a defendant, made prior to and necessarily affecting the judgment so far as such defendant was concerned, is subject to review on appeal from the judgment, under sec. 3070, Stats.

6. Where the judgment of the circuit court against the two defendants must be affirmed, but plaintiffs did not follow sec. 2795, Stats., in making the wife a defendant on an appeal by the defendant husband from the civil to the circuit court, costs should not be allowed to the prevailing party.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was commenced in the civil court of Milwaukee county against defendant *C. E. Goldsmith* alone to recover certain instalments alleged to be due on a promissory note given pursuant to a conditional sales contract for a phonograph.

The contract and note were signed by the defendant *C. E. Goldsmith* and by *Mrs. C. E. Goldsmith,* his wife, as vendees. Defendant answered denying liability and asserting, among other things, the signing of the agreement by himself and *Anna Goldsmith,* his wife; that she is not a party to this action although her rights are involved and she is a necessary and proper party thereto. He further alleged that at the time of the making of such agreement a distinct contemporaneous parol agreement was made to the effect that the phonograph was sold on thirty days' approval; that $12.50 was paid on account of the purchase price; that within thirty days from the date of purchase the defendants notified the plaintiffs that they did not approve of the same and offered to return the phonograph and demanded repayment of the $12.50; that the making of such parol agreement and the subsequent repudiation thereof by defendants was perpetrating a fraud on defendants.

Upon the same allegations he counterclaimed for the repayment of the $12.50.

On the trial in the civil court *Mrs. Goldsmith* was called by the plaintiffs as an adverse witness and admitted the signing of the note and agreement. Over objection by plaintiffs' counsel she was then permitted to testify to the effect that there had been such parol agreement as set forth in the answer above, and further to the effect that the plaintiffs indicated to the defendants, on their offer to return the phonograph, that the phonograph delivered, if not satisfactory, might be exchanged for another phonograph, and that repayment of the $12.50 was refused. The defendant *C. E. Goldsmith* also so testified.

The civil court gave judgment to the plaintiffs for the amount due. From such judgment the defendant *C. E. Goldsmith* appealed to the circuit court.

Thereafter, upon an affidavit reciting nothing more than that the action is based on a joint note, that *Mrs. C. E. Goldsmith* is a necessary party, and that the affidavit is made for the purpose of making her a party to the judgment theretofore rendered in the civil court, and with no excuse presented for not having done so before, an order to show cause was granted requiring the defendant *C. E. Goldsmith* and *Mrs. Goldsmith* to show cause why an order should not be entered joining *Mrs. Goldsmith* as a defendant. Upon the hearing the attorney who had appeared for *C. E. Goldsmith* filed a writing reciting that *C. E. Goldsmith* and *Mrs. Goldsmith* separately demur to the proceeding to make her a party defendant for the reason that it appears upon the face of the record that said court had no jurisdiction of the subject of said proceeding.

After the hearing an order was made on July 8th providing "that *Mrs. Goldsmith* be and she is hereby made party defendant to this action, and the judgment heretofore rendered in this action is hereby amended by adding the name of *Mrs. Goldsmith* as party defendant to said action."

On July 19th the two defendants filed an exception to the order just above stated.

Thereafter the circuit court heard the parties on the appeal and made an order affirming the judgment of the civil court and directing entry of judgment in the circuit court. From the judgment in accordance therewith, filed September 12th, defendants have appealed.

The cause was submitted for the appellants on the brief of *W. O. Thomas* of Milwaukee, and for the respondents on that of *Richter & Nebel* of Milwaukee.

ESCHWEILER, J. Upon the merits we think the judgment must be affirmed. The testimony as to the alleged oral agreement at the time of the making of the conditional sale of the phonograph by plaintiffs to defendants could not properly be received in evidence or considered. It tended to contradict or impair the plainly expressed conditions and terms of the writings subscribed by the parties. It did not tend to prove anything in the nature of any fraud perpetrated by plaintiffs upon defendants in connection with the making of such written contract; neither was it offered for the purpose of showing, nor did it tend to show, anything in the nature of a mutual mistake as to the terms of the contract so expressed in the writings. It was therefore clearly inadmissible. *Edward T. Kelly Co. v. von Zakobiel,* 168 Wis. 579, 580, 171 N. W. 75; *Miley v. Heaney,* 168 Wis. 58, 78, 169 N. W. 64; *Jones v. Keefe,* 159 Wis. 584, 587, 150 N. W. 954; *Kilpinski v. Bishop,* 143 Wis. 390, 392, 127 N. W. 974; Jones, Ev. (2d ed.) § 434.

Defendants further assert that the proceedings in the circuit court whereby the judgment of the civil court was declared to be amended by making *Mrs. Goldsmith* a party bound thereby were erroneous and for that reason the final judgment of the circuit court as against both defendants should be reversed.

The written obligations upon which plaintiffs sought to recover were the joint obligations of *Mr.* and *Mrs. Goldsmith.* They both, therefore, under the provisions of sec.

2604, Stats., should have been made defendants in the civil court. This situation was plainly presented to the plaintiffs from the obligations themselves and from the answer of the defendant.

The plaintiffs called *Mrs. Goldsmith* as an adverse witness although she was not then a party, and after her identification of the writings offered the note in evidence. The defendant objected to such offer on the ground that it was a joint note and that only one of the signers was sued. The court might, pursuant to sec. 2884, Stats., then have required the plaintiffs to halt and take the proper steps to bring the other joint obligor into the action. In any event the subsequent entry of the judgment of the civil court against the defendant *C. E. Goldsmith* alone, as was done, was clearly erroneous. *Brawley v. Mitchell,* 92 Wis. 671, 66 N. W. 799; *Evens & Howard F. B. Co. v. Hadfield,* 93 Wis. 665. 669, 68 N. W. 468; *Blackburn v. Sweet,* 38 Wis. 578, 581; *Nichols v. Crittenden,* 74 Wis. 459, 461, 43 N. W. 105.

Upon such a record the defendant *Goldsmith* would have had very substantial ground to urge on his appeal to the circuit court that such judgment should have been reversed.

Sec. 2795, Stats., makes specific provisions for obtaining the relief whereby plaintiffs sought to have *Mrs. Goldsmith* then made a party and bound by the judgment. No attention, however, seems to have been paid to the procedural provisions of this statute. There was no summons issued, no description of the judgment or statement showing the amount due or that it had not been satisfied. If the attention of the court below had been called to such substantial failure to comply with the plain letter of the statute, the relief granted the plaintiffs might very well have been denied. The defendants contented themselves, however, with that which purported to be a general objection to the jurisdiction of the court.

*Mrs. Goldsmith,* after being made a party, had ample op-

portunity, under the provisions of secs. 2796 and 2797, Stats., to interpose such defenses as she might have to the merits of the controversy. Her testimony as given in the civil court upon the entire controversy was in the record before the circuit court, and nothing was there presented, as we have held above, that could defeat the entry of a judgment as against her upon the merits. For that reason we cannot now reverse the judgment. Sec. 2829, Stats.

The plaintiffs' contention that, no specific appeal having been taken by the defendants from the order of the circuit court making *Mrs. Goldsmith* a party, such ruling cannot now be reviewed on this appeal, is incorrect. As provided by sec. 3070, Stats., such order, being one made prior to and one which necessarily affected the judgment so far as *Mrs. Goldsmith* was concerned, is subject to our review upon the appeal from the judgment, as is indicated in such cases as *Beebe v. M., St. P. & S. S. M. R. Co.* 137 Wis. 269, 271, 118 N. W. 808; *In re Baker,* 72 Wis. 395, 400, 39 N. W. 764; *Newman v. Board,* 74 Wis. 303, 41 N. W. 961.

. Feeling bound, as above indicated, to affirm the judgment upon the merits as against the defendants, nevertheless we feel that the failure on plaintiffs' part to follow the proper proceedings both in the civil court and in the circuit courts should be visited with something more than mere verbal disapproval. Sec. 2949, Stats., in providing for costs on appeals like this, permits this court to disallow any such to a prevailing party.

We deem it a proper instance to deny the respondents any costs as against the appellants, and it is so ordered.

*By the Court.*—Judgment affirmed, but with no costs to respondents.