STATE, Respondent, vs. JENSEN, Appellant.

*October 10—November 5, 1952.*

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and

*Edwin M. Wilkie,* special counsel, and oral argument by *Mr. Platz* and *Mr. Wilkie.*

BROWN, J.   In the perjury matter the appellant submits that the state did not prove beyond a reasonable doubt that his testimony was given under oath nor that it was knowingly and wilfully false.  Appellant's plea of not guilty requires the state to prove every element of the crime, and he contends that to meet this burden the state must prove each detail of administering and taking the oath.  We do not consider this to be the law unless there is a timely challenge of the fact that the witness was actually sworn.  At the perjury trial the state produced the foreman of the grand jury who testified that before Jensen was examined he was sworn, that he, the foreman, administered the oath and that Jensen took it.  Jensen took the witness stand more than once in the grand jury proceedings.  On his second appearance the attorney for the state asked him if he had not already been sworn.  Jensen replied that he had, and the questioning proceeded without further administration of an oath.  The transcript of grand jury proceedings containing this question and Jensen's answer was received in evidence upon the criminal trial by stipulation.

We consider this testimony of the foreman and of appellant, himself, that appellant was sworn were not mere conclusions of law by such witnesses but were statements of ultimate fact and, without more, constituted the necessary proof that the appellant gave his testimony under oath.  The ultimate fact that the sheriff was sworn having been testified to by the foreman, as well as admitted by the witness, there is no requirement that the state then prove each of the separate items which together constitute such ultimate fact.  The burden of going forward then shifted to appellant.  If he wished to contest that ultimate fact it was then incumbent on him to show that the formalities of a legally recognized oath

were lacking. No such attempt was made. We consider the proof establishes the fact that the sheriff was sworn before the grand jury and that he gave his testimony there under oath.

The appellant's grand jury testimony which the state alleges to be false and the giving of which it alleges constituted perjury concerns his denial that after his election to the office of sheriff he received through his deputies any sums whatever which they had collected from tavern keepers. A deputy named Schend testified that he made collections after the election from tavern keepers and turned the money over to Jensen. On the appeal Jensen admits that the state proved such receipt but he submits that when he denied it before the grand jury he was thinking only of bribes, and that, though these moneys were received after election, they were belated compaign contributions which, of course, he received and never intended to deny receiving. In the criminal trial the good faith of his explanation was for the jury. His grand jury testimony came in response to a series of questions by the state's attorney, Mr. Wilkie, concerning the receipt by Jensen before and after election of sums which Jensen claimed were campaign contributions collected by Schend. Mr Wilkie asked if Schend continued to make and turn over campaign contributions after the election. Jensen said that he did not. Mr. Wilkie asked if Jensen received from Schend or any other deputy any money at all after Jensen became sheriff. Jensen replied repeatedly "No" and "None whatsoever." Jensen's attention was directed specifically to the possibility of campaign contributions and he denied that he got any after the election. Now that the payment of money to him by Schend after election is proved, his explanation that these constituted campaign contributions and he did not know the questions included them when he made his all-inclusive replies was certainly one for the consideration of the jury. The jurors found the explanation inadequate and we find no ground on which we may require them to accept it.

Since the untruth of Jensen's statement on a material matter is established and his explanation rejected and the statement was made under oath in a judicial proceeding, we must hold that the elements of perjury were proved and the judgment upon the verdict of guilty must be affirmed.

The twelve counts of bribery deal with a series of payments made by tavern keepers named Zinane and Popiel to Deputy Sheriff Schend after Jensen's election and paid by Schend to Jensen. Jensen admits that he received the money but contends that it was for campaign contributions without any agreement or understanding that it was to influence his official conduct. The statutory section in point is sec. 346.06 (1), Stats., providing that an officer ". . . who shall corruptly accept or receive any such gift, gratuity, money, goods, thing in action, personal or real property, or any thing of value, or any such pecuniary or other personal advantage, present or prospective, under any agreement or understanding that his vote, opinion, judgment, or action should be thereby so influenced shall be punished. . . ."

On this appeal Jensen contends that the state failed to prove beyond a reasonable doubt that there was any such corrupt receipt, agreement, or understanding.

It is not seriously disputed that Zinane and Popiel kept their taverns open without interference by the sheriff during hours when by law they were required to be closed and that this was known to Jensen and his deputies. One of the deputies testified that he asked the sheriff what he intended to do about them staying open and Jensen replied, "After all, I'm not in this business for my health." Another witness testified that she was in Zinane's tavern after legal closing hours when a deputy sheriff entered and told Zinane that he, the deputy, was ordered to tell Zinane to close because the *state* men were coming through. Another witness testified that Jensen told him that he was going to take advantage of every opportunity to make what he could while he was in

office and illustrated his meaning by holding his hands behind his back, palms upward.

We consider that with such evidence before it, it lay with the jury to decide whether the sheriff's disregard of duty in the enforcement of closing hours was connected with the money he had received from the proprietors of the taverns and whether such money was paid and received with the understanding that this would be the effect of the payments. The inference that there was such an understanding is a legitimate one to be drawn from the combination of cash received and sworn duty to enforce the laws ignored in favor of the payor of the money; and the jury is not compelled to accept the hypothesis that the contributions were to help Jensen pay campaign debts without expectation that his official conduct would be affected. We conclude that the verdict is supported by the evidence beyond reasonable doubt and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.