WEBER, Appellant, v. KOLE, Respondent.*

*March 6—April 7, 1959.*

* Motion for rehearing denied, with $25 costs, on June 26, 1959.

For the appellant there was a brief and oral argument by *Elliot N. Walstead* of Milwaukee.

For the respondent there was a brief by *Rix, Kuelthau & Kuelthau,* attorneys, and *Alexander S. Cannon* and *Gordon P. Ralph* of counsel, all of Milwaukee, and oral argument by *Mr. Cannon.*

BROWN, J. It is elementary that findings of fact by trial courts may not be disturbed on appeal unless the findings are contrary to the great weight and clear preponderance of the evidence. This principle has been stated in almost every volume of Wisconsin Reports. See 1 Callaghan's Wis. Dig., Appeal and Error, p. 578, sec. 870. If, then, finding Seventh may be sustained, that the defendant's farm was sold by Krier, the broker's contract between Kole and Weber is void by its express terms.

Weber does not assert that he produced the purchaser, Roetz, or knew him or even knew about him. Furthermore,

Kole's lawyer called up Weber on the date when the sale to Roetz was ready for closing and Weber at that time said that he had no prospective purchaser of his own in view.

On the other hand, Roetz did not learn of this farm through any advertisement or activity instituted by Weber.

The evidence shows that Kole issued some circulars concerning the property and his desire to sell it. This circular referred interested persons to Weber, Krier, and Carl Remeeus, a prominent Milwaukee real-estate broker. Such a circular was sent one Barry, and this was read by Roetz. Roetz was attracted by the farm and called up Remeeus. Remeeus said that he knew little about the place and he suggested that Krier could give Roetz the information. Thereupon Roetz made an appointment with Krier to be shown the property. Krier went to the farm with Roetz, exhibited the place, and quoted a price to Roetz of $30,000. Roetz said that he would think it over.

Roetz had a friend named Bichler who had been a farmer and who, like Krier, lived in Belgium. Roetz thought he could get good advice from his friend Bichler, so Roetz asked Bichler to look over the farm with him and advise him. After conferring with Bichler and looking over the farm together, Roetz asked Bichler to inform Krier that he would make a counteroffer of $27,000.

Bichler passed this word to Krier and Krier conveyed the counteroffer to Kole. Kole accepted it. Kole had his lawyer superintend the legal details of the transfer and the purchaser Roetz was represented by his own attorneys. When the attorneys met to conclude these details Kole's lawyer notified Krier of the meeting. Krier attended and received the check for the down payment on the purchase price as broker for Kole. With Kole's permission Krier subtracted his commission and remitted the balance to Kole.

Weber does not claim to have sold the property nor does he claim that any other broker sold it but he contends that

it was Kole himself, not Krier, who made the sale. The farm was exhibited by Krier to the purchaser, the offered price and the counteroffer were made through Krier, Krier was recognized as the broker at the meeting resulting in the transfer and the buyer paid the money to Krier. Finding Seventh is not contrary to the great weight and clear preponderance of the evidence. It is not sufficient for reversal that a contrary finding might have been made with evidence in its support.

Appellant's brief raises interesting questions of law concerning the rights and duties of brokers who have exclusive listings of property for sale but we do not reach these questions because, by the contract, Krier's sale canceled Weber from the listing contract. Since the trial court's finding that Krier did make the sale and the finding is not against the great weight and clear preponderance of the evidence, the finding must be sustained and the trial court's judgment based thereon must be affirmed.

*By the Court.*—Judgment affirmed.

HALLOWS, J., took no part.