VILLAGE OF BAYSIDE, Respondent, v. BERTHIAUME, Appellant.

*November 2—November 30, 1965.*

For the appellant there was a brief and oral argument by *J. Jerome Finn* of Milwaukee.

For the respondent there was a brief by *Suel O. Arnold,* attorney, and *James P. O'Neill* of counsel, both of Milwaukee, and oral argument by *Mr. O'Neill.*

GORDON, J. The question before us is whether upon the instant facts the defendant was using his chauffeur's license in the scope of his employment. The trier of the facts held that Mr. Berthiaume was not driving in pursuit of his employer's business. We cannot reverse this judgment unless such finding is against the great weight and clear preponderance of the evidence. *Milwaukee v. Thompson* (1964), 24 Wis. (2d) 621, 130 N. W. (2d) 241; *Weber v. Kole* (1959), 7 Wis. (2d) 107, 95 N. W. (2d) 784.

It is conceded that the ordinance in question is identical to sec. 343.44 (1), Stats., which provides in part as follows:

"No person whose regular license has been duly revoked or suspended pursuant to the laws of this state, but whose chauffeur's license is still valid, shall operate a

motor vehicle upon any highway in this state other than as a chauffeur before he has obtained a new license or has had his license reinstated under the laws of this state."

Whether Mr. Berthiaume's use of his chauffeur's license was proper depends on the application of the facts of this case to sec. 343.05 (1), Stats., which provides in part as follows:

". . . no person shall operate a motor vehicle upon a highway in this state unless such person has a license issued to him by the department, which license is not revoked, suspended, canceled or expired. A valid chauffeur's license satisfies the requirements of this section only when the licensee is operating a vehicle in the performance of his duties as chauffeur."

The defendant spent approximately five hours at Anne's Tavern upon his return from Chicago to Milwaukee. While he testified that he transferred some equipment from his own private car to the rental car at the tavern and also filled out some reports at the tavern, we are unable to conclude that the trial court's ruling was unwarranted. This is true notwithstanding the fact that Mr. Berthiaume's employer reimbursed him for his travel expenses to his home.

The fact that Mr. Berthiaume remained an employee until he arrived at his home may have been a significant factor in determining whether he would have been entitled to workmen's compensation in the event of an injury. *James v. Industrial Comm.* (1962), 18 Wis. (2d) 239, 243, 118 N. W. (2d) 185; *Richardson v. Industrial Comm.* (1957), 1 Wis. (2d) 393, 396, 84 N. W. (2d) 98. However, this factor is not regarded as controlling in determining the question of whether his chauffeur's license was being properly utilized. Indeed, it may well be argued that a contrary ruling in the case at bar would debase the statutory purpose of permitting an individual who has lost his regular driving privileges to use a

chauffeur's license only "in the performance of his duties as chauffeur."

Mr. Berthiaume's diversion was so extensive that the circuit court was correct in concluding that he was no longer using his chauffeur's license in the scope of his employment.

*By the Court.*—Judgment affirmed.