VILLAGE OF HILBERT and another, Appellants, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 29. Argued October 29, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 596.)

600

For the appellants there was a brief by *Fulton, Menn & Nehs,* attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson.*

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondent Donald Richart there was a brief by *Bonk, Lutz & Hertel* of Chilton, and oral argument by *Robert W. Lutz.*

CONNOR T. HANSEN, J.  Donald Richart (hereinafter referred to as applicant), then age thirty-five, sustained injuries on July 25, 1965. He was a member of the village of Hilbert Volunteer Fire Department, a separate legal entity organized under ch. 213 of the Statutes.

The accident occurred when applicant and several other members of the fire department were returning from a centennial parade in Kaukauna. The members were riding on a fire truck owned by the village of Hilbert. Richart was standing on the rear portion of the truck when it hit a depression in the road causing him to fall off and injure himself.

The examiner's findings affirmed by the, then, industrial commission, stated:

"That the applicant was a member of the Village of Hilbert Volunteer Fire Department organized under Section 213 of Wisconsin Statutes; that it had been the practice of the Hilbert Volunteer Fire Department and the City of Kaukauna Fire Department to interchange visitations by a group of their respective firemen and equipment at their annual summer parades; that the applicant, together with three other members of the Hilbert Fire Department was designated by the fire chief to attend the Kaukauna Centennial Parade on July 25, 1965; that the lieutenant of the Hilbert Volunteer Fire Department, Ervin Schomisch, was designated as the officer in charge of the group so assigned and that he determined the route to be traveled from the Village of

Hilbert to Kaukauna and return; that applicant was paid a wage of $2 by the Village of Hilbert Volunteer Fire Department for duties performed on July 25, 1965; that on the return route to Hilbert the applicant fell off the fire truck and sustained back and other injuries; that the applicant sustained injury while performing services growing out of and incidental to his employment and that the accident causing injury arose out of his employment; that as a result of the injury, applicant was required to undergo medical care and treatment to cure and relieve from the effects thereof, the services rendered being necessary and the charges reasonable as follows: Dr. James C. Penny, $222.60; that the record is not complete as to other treatment charges and as to nature and extent of disability and that jurisdiction is, therefore, reserved as to all issues."

The primary issue is whether there is credible evidence to support the findings of the department that the applicant sustained injuries arising out of his employment and while performing services growing out of and incidental to that employment.

In reviewing the evidence, the question is whether the credible evidence or reasonable inferences therefrom support the department's findings, in which case they are conclusive, or whether the findings are so manifestly incorrect that the circuit court was required to overturn them as a matter of law, or whether the facts are undisputed and no conflicting inferences can be drawn therefrom so that the issue can be resolved as a matter of law. *Neese v. State Medical Society* (1967), 36 Wis. 2d 497, 153 N. W. 2d 552.

Plaintiffs argue that volunteer fire departments are not authorized to attend parades and picnics and, therefore, applicant could not be considered an employee or be held to have been in the course of his employment when the accident occurred.

The trial court determined this argument to be without merit and in doing so stated:

". . . It had been the practice of Hilbert and Kaukauna to interchange visitations. Orville F. Manz, president

of the Village of Hilbert, stated that the purpose of the trip was to promote good will for economic reasons. Hilbert's fire department has a parade and picnic to raise money for equipment for the fire department. They attend other picnics and parades in their official capacity so that others will attend theirs. The better equipped the fire department, the better it is able to perform its duties under Sec. 213.06.

". . . the ultimate purpose was to aid in raising funds; the village board was satisfied to have the fire department represent the village and reimbursed it for the expense of attending."

Furthermore, the fire chief designated what men should attend. Applicant was one so designated. He was expected to go unless excused; and on about ten occasions in previous years he had attended on behalf of the fire department. He was paid to attend and transportation was by fire truck owned by the village. Village officers sanctioned participation in the Kaukauna parade. Also, the fire chief designated the lieutenant to be in charge of the men and equipment.

Richart's status as an employee is beyond question. Sec. 102.07 (10), Stats.,[1] requires the department of ILHR to apply the same standards in determining ap-

---

[1] Sec. 102.07 "**Employe defined.** 'Employe' as used in this chapter means:

". . .

"(10) Further to effectuate the policy of the state that the benefits of this chapter shall extend and be granted to employes in the service of the state, or of any municipality therein on the same basis, in the same manner, under the same conditions, and with like right of recovery as in the case of employes of persons, firms or private corporations, any question whether any person is an employe under this chapter shall be governed by and determined under the same standards, considerations, and rules of decision in all cases under subs. (1) to (9). Any statutes, ordinances, or administrative regulations which may be otherwise applicable to the classes of employes enumerated in sub. (1) shall not be controlling in deciding whether any person is an employe for the purposes of this chapter."

plicant's status as an employee serving a governmental unit as it would if applicant was in private employment.

We conclude that there is ample credible evidence to support the finding that Richart sustained injuries arising out of his employment by the Hilbert Volunteer Fire Department and while performing services growing out of and incidental to that employment.

It is urged that Richart was engaged in a deviation from that employment at the time of the accident.

The trip from Hilbert to Kaukauna was via better, but more heavily traveled, roads. On their return the group took a different and somewhat shorter route—about a thirteen mile trip. The lieutenant of the fire department drove the truck and determined the route traveled and what stops, if any, were to be made.

There is conflict in the testimony as to when the parade started, the length of time it took and when it ended. Admittedly there was some beer drinking at the parade and in Kaukauna. Also stops were made at two taverns along the return route. Furthermore, after leaving the second tavern there is evidence that the group intended to stop at another tavern. All of the taverns were on the route from Kaukauna to Hilbert and the accident occurred sometime after they had left the second tavern and were proceeding toward Hilbert. There is also a dispute as to the quantity of beer consumed. However, no contention is made that the applicant was intoxicated at the time of his injury and no issue is made of intoxication as relating to reduced benefits.

The fact is that at the time of the accident the fire truck and crew had resumed the route home and there was no deviation. Also the fact that they might have intended to make another stop en route to Hilbert cannot be held to constitute a deviation at the time of the accident or a continuance of any possible personal deviation prior to the accident.

A somewhat similar situation was considered in *Nutrine Candy Co. v. Industrial Comm.* (1943), 243 Wis. 52, 56, 9 N. W. 2d 94, where an employee en route to a meeting stopped and drank whisky and was later injured when the car he was riding in left the road. We stated:

"The claim that by going on a drunken spree applicant took himself out of the course of employment must be' rejected. He was actually en route to Minneapolis at the time he was injured. It is true that he had made a departure from the course of employment, and if he had been injured in a tavern, no doubt a very strong argument could be made that he was out of the course of employment and entitled to no compensation. . . . However, under the evidence in this case, the Industrial Commission was entitled to conclude that he had returned to his duties at the time of the injury." *See also: Olson v. Industrial Comm.* (1956), 273 Wis. 272, 77 N. W. 2d 410; *Bergner v. Industrial Comm.* (1968), 37 Wis. 2d 578, 587–590, 155 N. W. 2d 602.

The plaintiffs further contend that the department failed to find that the Hilbert Volunteer Fire Department did *not* carry workmen's compensation insurance and therefore applicant is not within coverage provided to the village of Hilbert.[2]

Under the provisions of sec. 102.07 (7), Stats., the village of Hilbert is responsible for applicant's compensation payments if the volunteer fire department did not have workmen's compensation coverage.

---

[2] Sec. 102.07, Stats.

". . .

"(7) Every member of any volunteer fire company or fire department organized under ch. 213 or any legally organized rescue squad shall be deemed an employe of such company, department or squad. Every such member, while serving as an auxiliary policeman at an emergency, shall also be deemed an employe of said company, department or squad. If such company, department or squad has not insured its liability for compensation to its employes, the municipality or county within which such company, department or squad was organized shall be liable for such compensation."

In ordering the plaintiffs to pay workmen's compensation benefits to the applicant, the department made an implied finding that the volunteer fire department was without workmen's compensation coverage for its members.

An examination of the record reflects there is sufficient credible evidence to support such a finding.

The form of answer supplied by the department asks the plaintiffs to state *exactly* what matters are in dispute. The response made to this inquiry by counsel for the insurance carrier is as follows:

"It is the contention of the Village of Hilbert and Integrity Mutual Co. that applicant was not in the course of employment at the time of the accident, if he had ever been in the course of his employment on date of said accident which is denied, that there was such deviation as to take him out of said course of employment."

Also, subsequent correspondence between the examiner and respective counsel, directed to framing the issues for the hearing, reflect that it was agreed that the first hearing would be limited to the question of whether applicant was or was not performing services growing out of his employment at the time of the alleged accident and that it would not be necessary to present medical testimony at the first hearing.

There is also testimony of the village president to the effect that in his opinion, and based on information he had obtained in his official capacity, the workmen's compensation policy issued by Integrity Mutual Insurance Company to the village covered the volunteer fire department.

This testimony supports a finding that the fire department did not carry its own workmen's compensation insurance and such a finding is implicit in the findings of the department. *Lewellyn v. ILHR Department* (1968), 38 Wis. 2d 43, 155 N. W. 2d 678.

*By the Court.*—Judgment affirmed.