HUNTER, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, and others, Respondents.*

*No. 177. Submitted under sec. (Rule) 251.54 May 8, 1974.— Decided June 4, 1974.*
(Also reported in 218 N. W. 2d 314.)

100

The cause was submitted for the appellant on the brief of *Edward P. Rudolph* of Milwaukee, and for the respondent Department of Industry, Labor & Human Relations on the brief of *Robert W. Warren,* attorney general, and *Stephen M. Sobota,* assistant attorney general.

ROBERT W. HANSEN, J.   Two issues only are raised on this appeal: (1) Is there sufficient credible evidence to support the department's finding that, at the time of the accident, the appellant was not performing services growing out of and incidental to her employment? and (2) Is it constitutionally impermissible for the attorney general to appear on behalf of a state agency or department in an appeal of a departmental finding or order?

*Sufficiency of evidence.*
This case involves the application of the "traveling salesmen's statute"—sec. 102.03 (1) (f) of the Workmen's Compensation Act of this state. That statute provides than an employee, whose employment requires him to travel, shall be deemed to be performing service growing out of and incidental to his employment while on a trip ". . . except when engaged in a deviation for a private or personal purpose. . . ." It further provides that: ". . . Acts reasonably necessary for living or incidental thereto shall not be regarded as such a deviation. . . ." To deny workmen's compensation recovery, the statute requires that there must be (1) a deviation by the employee from his business trip, and (2) such deviation

must be for a personal purpose not reasonably necessary for living or incidental thereto.[1]

Whether the appellant here deviated from her business trip is a question of fact for the department to determine.[2] The same is true as to whether any such deviation was for an act of living and was reasonably incidental thereto.[3] The question on review is whether credible evidence or reasonable inferences therefrom support the department's findings of fact on the two points involved.[4] This is not a question of whether there is credible evidence to sustain a finding the department did not make, but whether there is credible evidence to sustain the findings the department did make.[5] While there is a presumption that an employee who sets out on a business trip performs services arising out of and incidental to his employment until he returns from that trip,[6] that presumption can be and is rebutted when evidence to the contrary is presented.[7]

The contrary evidence in the case before us was given by the claimant-appellant. She testified that she drove west from Appleton toward Mosinee to test the weather conditions to determine whether such conditions would

[1] *Dibble v. ILHR Department* (1968), 40 Wis. 2d 341, 346, 161 N. W. 2d 913.

[2] *Tyrrell v. Industrial Comm.* (1965), 27 Wis. 2d 219, 222, 223, 133 N. W. 2d 810.

[3] *Neese v. State Medical Society* (1967), 36 Wis. 2d 497, 508, 153 N. W. 2d 552.

[4] *Hilbert v. ILHR Department* (1968), 40 Wis. 2d 598, 602, 162 N. W. 2d 596.

[5] *Lager v. ILHR Department* (1971), 50 Wis. 2d 651, 657, 185 N. W. 2d 300, quoting *Unruh v. Industrial Comm.* (1959), 8 Wis. 2d 394, 398, 99 N. W. 2d 182.

[6] *Id.* at page 658. *See also: James v. Industrial Comm.* (1962), 18 Wis. 2d 239, 242, 118 N. W. 2d 185.

[7] *Tyrrell v. Industrial Comm., supra,* at page 224. *See also: Turner v. Industrial Comm.* (1954), 268 Wis. 320, 324, 67 N. W. 2d 392; *Armstrong v. Industrial Comm.* (1948), 254 Wis. 174, 178, 35 N. W. 2d 212.

permit her to visit a boyfriend in Mosinee or, alternatively, would make feasible her going on a hunting trip the next day. Either of the two stated purposes was entirely personal and had nothing to do with her job or employment. Whether there is a deviation depends upon whether there is established some ". . . meaningful manifestation to engage in activities purely personal to the employee. . . ." [8] The test is whose purpose was served.[9] No purpose of the employer was in any way served by the extended westward highway testing related to either visiting a boyfriend or going on a hunting trip. The evidence is clearly sufficient to allow the department to find that the appellant had deviated for a personal purpose and not for the benefit of the employer.

The second question remains—whether there is credible evidence upon which the department could conclude that the deviation, although for a personal purpose, was not an act reasonably necessary for living or incidental thereto. This question has been stated by this court to be a matter of whether the actions involved ". . . can be considered usual and proper customary conduct while living away from home." [10] Testing weather and road conditions by a half-hour's driving on a wet and slippery highway either in anticipation of a hunting trip or to see if travel to visit a boyfriend was advisable is not an act reasonably necessary for living or incidental thereto. It would have been far more reasonable to call the sheriff to discover the condition of the highway or weather conditions. Appellant seeks to meet the statutory test of being reasonably necessary for living or incidental thereto by contending that the second half hour of driving was for the purpose of finding a motel in which to sleep and finish her work. But this attempt to divide the westward

---

[8] *Tyrrell v. Industrial Comm., supra,* at page 226.

[9] *Simons v. Industrial Comm.* (1952), 262 Wis. 454, 458, 55 N. W. 2d 358.

[10] *Neese v. State Medical Society, supra,* at page 506.

trip into two compartments disregards the fact that a deviation for personal purposes had already taken place. Looking for a motel or restroom or service station does not alter that fact of deviation. For once deviation is established, the employee must return to his course of employment—here a reasonably direct route between Appleton and Milwaukee or Cudahy—before the time of injury in order that recovery under the Workmen's Compensation Act can be had.[11] Nor is there substance to appellant's contention that by turning into the ditch to avoid a collision she was protecting the employer's car and camera equipment. Such last minute swerving does not alter the fact that the trip here was made for purely personal reasons and was not reasonably necessary for living or incidental thereto. Ample credible evidence undergirds the department finding on this point.

### Participation of attorney general.

The appellant attacks, on constitutional grounds, the validity of the statute requiring the attorney general's office to represent the ILHR Department on a petition for circuit court review of a department decision or order.[12] Also challenged is the constitutionality of the statute that makes such department a party defendant in such petition for circuit court review.[13] In the case

[11] *Tyrrell v. Industrial Comm.*, *supra*, at page 226, citing *Employers Mut. Liability Ins. Co. v. Industrial Comm.* (1939), 230 Wis. 670, 284 N. W. 548.

[12] Sec. 102.64 (3) of the Workmen's Compensation Act, entitled "**Attorney general shall represent state and commission**," and providing: "In any action to review an order or award of the commission, and upon any appeal therein to the supreme court, the attorney-general shall appear on behalf of the commission . . . ."

[13] Sec. 102.23 (1) of the Workmen's Compensation Act, entitled "Judicial review," and providing, in pertinent part: ". . . Within 30 days from the date of an order or award originally made by the commission or following the filing of petition for review with

before us, the appellant sought to have the trial court enjoin the attorney general from representing the department or participating in the circuit court hearing on the petition for review. No appeal was taken from the trial court order denying the injunctive relief sought, and a challenge is raised by respondents to the right of appellant to raise the issue on this appeal. While we are not without some doubt as to whether such interlocutory order "involves the merits and necessarily affects the judgment," (sec. 274.34, Stats., *see: Mandelker v. Goldsmith* (1922), 177 Wis. 245, 188 N. W. 74) we see the challenge to the department as a real party in interest, and to the attorney general as its statutorily appointed counsel, as important public issues which ought be settled on this appeal. We therefore resolve the doubt in favor of appealability.

Of the statutory requirement, contained in sec. 102.23 (1), Stats., this court has made clear that the ILHR Department is a real, not nominal, party in interest, stating: ". . . it was clearly the legislative intention to have the commission be a real party in interest, and not a mere nominal party, even though it is not financially interested in the outcome of the litigation. . . ." [14] Such legislative intention, and the public purpose to be served thereby, is made clear in the report of the legislative committee which drafted the Workmen's Compensation Act, back in the 1911 legislative session. The committee stated: ". . . The object of having the action to review brought against the board is twofold: (1) If any error is made it will be an error made by the board,

---

the department under s. 102.18 any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the department for the review of such order or award, in which action the adverse party shall also be made defendant. . . ."

[14] *Rathjen v. Industrial Comm.* (1940), 233 Wis. 452, 457, 289 N. W. 618, cited with approval in *Holley v. ILHR Department* (1968), 39 Wis. 2d 260, 264, 268, 158 N. W. 2d 910.

the fraud of the board that may be subject to review. Consequently, the board should defend its own action, and this will be done at the expense of the state. (2) To relieve the party in whose favor the award was made of the expense of litigation in the circuit and supreme courts. . . ." [15] While the question of appropriate public policy was and is for the legislature to determine, we find no constitutional infirmity in the provision that a petition for review of an order or award is to be brought against the department that entered the order or made the order that is to be judicially reviewed. The provision that the department be a party in interest on judicial review of its order or award has been an integral part of the administration of workmen's compensation in this and other states [16] for over a half century. The attack upon its constitutionality is not only somewhat delayed, but also entirely without basis.

With the requirement upheld that the department be named as defendant in an action for circuit court review, little remains of the challenge to the attorney general being statutorily named to represent the department on such review and upon appeal to this court. The legislature has named the attorney general as the attorney for the department upon review and appeal. The policy to be followed in this regard is for the legislature to decide, but it is difficult to conceive of reasons for the requirement that private counsel be retained or some other arrangement made for legal representation of the depart-

[15] Report of the Special Committee on Industrial Insurance, Wisconsin Legislature (1911), 28. *See also:* Fagan, *Leave the Workmen's Compensation Law Alone!*, 42 Wis. Bar Bull. (No. 6, December, 1969), 30.

[16] 3 Larsen, *Workmen's Compensation Law*, p. 354.64, sec. 83.19, stating: ". . . In a large proportion of the major compensation states, including California, New York, Wisconsin and others, a commission whose award is appealed becomes a party to the appeal, defending its award. . . ."

ment when it is named as defendant in a petition for court review of its order or award. Appellant sees this as resulting in the providing of public counsel for a private party litigant, but this misapprehension of the role of the attorney general on review or appeal was answered, back in 1918, when this court held: "True, the *Industrial Commission* is also a party defendant and the law requires the attorney general to appear for the *Commission* in the circuit court and in this court. It is true also that in defending the award for the *Commission* he necessarily defended the interests of the claimants, but nowhere does the statute make him their attorney; on the contrary the statute expressly says that he shall appear 'on behalf of the commission.' . . ."[17] The statute (sec. 102.23 (1)) requiring that a petition for judicial review of a department order or award in workmen's compensation cases and the statute (sec. 102.64 (3)) requiring the attorney general to represent the department in such review are upheld, and the challenge to their validity is rejected.

*By the Court.*—Judgment affirmed.

[17] *Frontier Mining Co. v. Industrial Comm.* (1918), 168 Wis. 157, 158, 169 N. W. 312.