Miles **FIRNHABER**, **Plaintiff**,

v.

**Raymond KLINK, et al., Defendants.**

No. 81–C–567.

United States District Court,
E. D. Wisconsin.

May 28, 1982.

Max E. Geline, Milwaukee, Wis., for plaintiff.

Mark S. Gempeler, Waukesha Corp. Counsel by August Fabyan, Jr., Asst. Corp. Counsel, Waukesha, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants move for summary judgment. The plaintiff brings this action under 42 U.S.C. § 1983, alleging that his arrest by members of the Waukesha County sheriff's department violated his rights under the fourth and fourteenth amendments to the constitution and under unspecified provisions of the Wisconsin constitution. He seeks compensatory damages of $650,000 and punitive damages of $500,000.

The basic facts surrounding this claim are not disputed. At 6:15 A.M., May 21, 1979, the defendant Fred Roller, a Waukesha County deputy sheriff, observed Mr. Firnhaber operating an automobile on a highway in Waukesha County, Wisconsin. Mr. Roller was accompanied by the defendant Howard Garvens. Mr. Roller was informed by radio that Mr. Firnhaber's regular driver's license had been revoked, but that he possessed a chauffeur's license. There is no dispute that this was an accurate summary of the status of the plaintiff's licenses. *See* affidavit of Mr. Roller, filed February 2, 1982, exh. B.

Mr. Roller pulled the plaintiff over and asked to see Mr. Firnhaber's driver's license. Mr. Firnhaber presented the chauffeur's license. Their conversation will be discussed below. It is undisputed that shortly thereafter Mr. Roller arrested Mr. Firnhaber for driving an automobile after revocation of driving privileges. The deputy summoned a wrecker to tow Mr. Firnhaber's car to another location; Mr. Firnhaber was released on bail later that day. For reasons not stated in the record, the charge against Mr. Firnhaber was dismissed on July 1, 1980, in the circuit court for Waukesha County, Wisconsin.

In his complaint, Mr. Firnhaber alleges that he was the victim of a conspiracy among the defendants to violate his constitutional rights. The complaint states:

"That at the time of the arrest said plaintiff was operating a motor vehicle owned by Standish Corp. in the conduct of the business of said company and that he was lawfully entitled to operate said vehicle upon the public highways of the State of Wisconsin. That at the time of said arrest the plaintiff informed the defendant deputy sheriffs that he was involved in a hearing before that Branch of the Circuit Court presided over by Judge Wollenzien involving his employer. That said deputy sheriffs invormed [sic] the plaintiff at the time that he would be in jail rather than in court. That the deputy sheriffs did conspire to prevent the plaintiff from being present at the aforementioned hearing which the plaintiff

verily believes caused him to suffer from substantial damages. That the acts were of a malicious character." Complaint, filed May 20, 1981, ¶ 8.

Mr. Roller's arrest report, dated May 22, 1979, states that after he stopped the plaintiff's vehicle the following occurred:

"I approached the vehicle and recognized Mr. Firnhaber and asked him for his driver's license. He produced a chauffer's [sic] driver's license and I indicated to him that this was a chauffer's license, that I needed a regular license. Mr. Firnhaber stated that he was on his way to work and that the chauffer's license was sufficient for him to drive. He was informed at this time that the chauffer's license was not permissible at this time since he was only on his way to work and that he would need a regular driver's license, or an occupational permit. Mr. Firnhaber became very upset at this and stated that was not true, that all he needed was a chauffer's license and that he allegedly had cases of a similar nature in Walworth County and Waukesha County and that he had won both of these cases and stated that he did not need any other license other than a chauffer's license. Mr. Firnhaber was asked to turn off the car and step out to the back of the car. He was informed at this time that he was being placed under arrest for driving an automobile after revocation of driving privileges." Roller affidavit, exh. A.

This statement directly contradicts the allegations of the complaint. In addition, the defendants present the affidavit of the clerk of court for Waukesha County, which states that no case involving the Standish Corporation was on the court's May 21, 1979, calendar; a motion in a case involving the Sealtite Insulation Manufacturing Corporation was heard. Affidavit of Virginia Hunkins, filed February 2, 1982. The plaintiff avers that Standish Corporation is the holding company of Sealtite. Affidavit of Miles Firnhaber, filed March 1, 1982, ¶ 4.

The plaintiff in his "statement of facts" filed in opposition to the defendants' motion for summary judgment states:

"The plaintiff . . . was operating the blue Plymouth . . . automobile at the time his regular driver's license had been revoked, but he did have a valid chauffeur's license. The plaintiff was on his way to work at 6:15 in the morning and was lawfully entitled to operate the motor vehicle at the time he was stopped. That his intentions were to later go on to court is not relevant to the question as to what he was doing at the time he was arrested, as there is no conflict between his ultimate attempt to be present in court and the fact that he was operating a vehicle under his chauffeur's license for the Standish Company." Statement of facts, filed March 1, 1982, p. 1.

This statement is fully consistent with the arrest report of Mr. Roller and strongly suggests that Mr. Firnhaber has abandoned his theory in the complaint that the defendants had plotted to keep him from his court appearance. His claim is in any event primarily one for violation of his constitutional rights because of an arrest. The Supreme Court has stated that an arrest made with probable cause does not give rise to a claim for deprivation of civil rights.

"The common law has never granted police officers an absolute and unqualified immunity. . . . [The officers'] claim is rather that they should not be liable if they acted in good faith and with probable cause in making an arrest under a statute that they believed to be valid. Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved. A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does." *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).

Under Wisconsin law, the operator of a motor vehicle must possess a license issued to him by the department of transportation,

"... which license is not revoked, suspended, cancelled or expired. A valid chauffeur's license satisfies the requirements of this section *only* when the licensee is operating a vehicle in the performance of his duties as chauffeur." Wis. Stat. § 343.05(1) (emphasis added).

The pertinent parts of the definition of "chauffeur" read:

" 'Chauffeur' means every person, including the vehicle owner, who is employed for the *principal purpose* of operating a motor vehicle or when one of the principal duties is the operation of a truck for a major portion of his full working week, and every person who operates a motor vehicle while in use as a public carrier of persons or property for hire...." Wis.Stat. § 343.01(2)(e) (emphasis added).

The record as presented by the parties is that Mr. Roller observed the plaintiff driving a car in the early hours of the morning when the plaintiff did not possess a regular driver's license. When the deputy stopped the plaintiff and asked him for his driver's license, he produced a chauffeur's license and said he was on his way to work. The issue is whether at that time the deputy had probable cause to arrest the plaintiff.

Despite the conflicts noted above, it is totally clear that Mr. Firnhaber was in the process of driving to work at the time of his arrest. I believe that an officer has probable cause for an arrest when confronted with a driver with only a chauffeur's license who is traveling to his place of employment. The above statutes alone do not permit the plaintiff's activity. The only reported state court decision addressing this general issue supports the conclusion that Mr. Firnhaber could not use his chauffeur's license in this manner. *See Bayside v. Berthiaume,* 29 Wis.2d 102, 138 N.W.2d 232 (1965); *see generally* 47 Op.Wis.Atty.Gen. 3, 180.

Despite the requirements of Rule 56(c), Federal Rules of Civil Procedure, the plaintiff has presented nothing beyond the complaint which demonstrates the existence of any genuine issue as to whether the officers acted in good faith. I also find that none of the other allegations of the complaint state any violation of the plaintiff's constitutional rights. I conclude that as a matter of law Mr. Roller had probable cause for this arrest. Accordingly, the defendants' motion for summary judgment will be granted.

Therefore, IT IS ORDERED that the defendants' motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed.